VERMONT SUPERIOR COURT
Franklin Unit
17 Church Street
St. Albans VT 05478
802-524-7993
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 23-CV-02697

| Bobbie-Jo Benoit v. Nationwide Mutual Insurance Company |
| --- |

## DECISION ON MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Bobbie-Jo Benoit was injured in a motor vehicle operated by an underinsured motorist. She brought this action against her mother's insurer, Defendant Nationwide Insurance Company, seeking underinsured motorist coverage. Nationwide has moved for judgment on the pleadings, arguing that Ms. Benoit is not insured under the policy's uninsured motorist coverage. The court grants the motion.

The pleadings establish that Nationwide issued an auto policy to Ms. Benoit's mother, Donna Champine. The declarations page names Ms. Champine as the "Policyholder (Named Insured)." It names both Ms. Champine and Ms. Benoit as "Insured Drivers," and it lists vehicles owned by each as "Insured Vehicles." The policy provides Property Damage Liability, Bodily Injury Liability, and Medical Payments coverage with respect to each "Insured Vehicle." It also provides "Policy Level" coverages: Uninsured Motorists Bodily Injury and Property Damage Coverage, and Roadside Assistance coverage.

The policy also contains several definitions that are pertinent here. First, "the words 'YOU' and 'YOUR' mean or refer to the policyholder first named in the attached Declarations, and include that policyholder's spouse if living in the same household." Next, "the Words 'THE INSURED', 'AN INSURED', and 'ANY INSURED' mean or refer to the persons and organizations specifically indicated as entitled to protection under the coverage being described." Finally, "the words 'YOUR AUTO' mean the Vehicle or vehicles described in the Attached Declarations."

Turning to the coverage at issue here, the Uninsured Motorists part of the policy provides:

> Under this coverage, we will pay bodily injury damages that you or your legal representative are legally entitled to receive from the owner or driver of an uninsured motor vehicle. Damages must result from an accident arising out of the ownership, maintenance, or use of the uninsured vehicle.
> Bodily injury means bodily injury, sickness, disease, or death.
> Relatives living in your household also have this protection. Anyone else is protected while occupying:
> 1. your auto.

2. a motor vehicle you do not own, while it substitutes temporarily for your auto. Your auto must be out of use because of breakdown, repair, servicing, loss, or destruction.

3. a four-wheel motor vehicle newly acquired by you. The coverage applies only during the first 30 days you own the vehicle, unless it replaces your auto.

4. any other motor vehicle while it is being operated by you or a relative living in your household. However, the vehicle must not be owned or furnished to you or a relative living in your household for regular use.

On March 6, 2019, Ms. Benoit was a passenger in a vehicle driven by Barry Ipock. While not specifically addressed in the pleadings, the parties agree that Ms. Benoit was not living in her mother's household at the time. Mr. Ipock's vehicle was involved in an accident, resulting in injuries to Ms. Benoit. Mr. Ipock was at fault in the accident; his insurer paid Ms. Benoit its liability policy limits. Because those limits were less than those set forth in Ms. Champaine's policy, Mr. Ipock's vehicle was an "uninsured motor vehicle."[1]

On these facts, the parties put the question before the court as one exclusively of contract construction. Ms. Benoit does not make any argument that the Nationwide policy in any way falls short of the requirements of § 941; thus, the court deems any such argument waived. The court therefore accepts the parties' invitation to interpret the policy, guided only by general principles of contract interpretation.

As Ms. Benoit correctly notes, the rules applicable to this exercise are set forth in *Brillman v. New England Guar. Ins. Co.*:

> The proper construction of language in an insurance contract is a "matter of law" that this Court reviews without deference. *Waters v. Concord Grp. Ins. Co.*, 169 Vt. 534, 535, 725 A.2d 923, 925 (1999) (mem.). Provisions in an insurance policy must "be read together and viewed as an integrated whole." *Id.* at 536, 725 A.2d at 926. We construe terms in an insurance policy "according to their plain, ordinary, and popular meaning." *Hardwick Recycling & Salvage, Inc.*, 2004 VT 124, ¶ 23, 177 Vt. 421, 869 A.2d 82. "Because a policy is prepared by the insurer with little effective input from the insured, we construe insurance policies in favor of the insured, in accordance with the insured's reasonable expectations for coverage based on the policy language." *Id.* "Words or phrases in an insurance policy are ambiguous if they are fairly susceptible to more than one reasonable

---

[1] The court notes that the policy definition of "uninsured motor vehicle" does not comport with the requirements of 23 V.S.A. § 941. That provision requires any automobile liability policy "delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State" provide coverage "for the protection of persons insured under the policy" for damages recoverable from "owners or operators of uninsured, underinsured, or hit-and-run motor vehicles." Neither party disputes the now well-established principle that this statutory requirement imports underinsured motorist coverage that complies with the dictates of § 941(a), (c), & (f) into any policy that does not specifically address such coverage. Rather, each party's argument proceeds from the unstated assumption that Mr. Ipock's vehicle was an "uninsured motor vehicle," so as to invoke coverage under the "Uninsured Motorists" part of the Nationwide policy.

interpretation." *Whitney v. Vt. Mut. Ins. Co.*, 2015 VT 140, ¶ 16, 201 Vt. 29, 135 A.3d 272. Any ambiguity in the policy's terms is resolved against the insurer. *Id.* However, the parties' expectations cannot control over unambiguous language and we will not rewrite unambiguous terms in a policy "to grant one party a better bargain than the one it made." *Id.* (quotation omitted).

2020 VT 16, ¶ 19, 211 Vt. 550. Application of these principles leads inexorably to the conclusion that the Nationwide policy does not provide coverage for Ms. Benoit on the facts of this case.

The policy very clearly states that it provides "uninsured motorists" coverage for "you." This is a defined term: it means "the policyholder first named in the attached Declarations." That very clearly is not Ms. Benoit; it is her mother. The policy then extends coverage to "relatives living in your household." Again, that very clearly does not include Ms. Benoit; she was not then living in her mother's household. Finally, it extends coverage to "anyone else while occupying: 1. your auto; 2. a motor vehicle you do not own, while it substitutes temporarily for your auto . . . ; 3. a four-wheel motor vehicle newly acquired by you . . . ; 4. any other motor vehicle while it is being operated by you or a relative living in your household." Once again, by no stretch of the most vivid imagination does Mr. Ipock's vehicle fall into any of these categories.

Ms. Benoit's response to this simple, straightforward reading of plain language is, to put it bluntly, tortured. She observes that the "Coverage Exclusions" section of the uninsured motorists coverage part of the policy repeatedly uses the term, "insured." She then argues that this creates an ambiguity, as she is listed as an "Insured Driver":

> On the one hand, Bobbie-Jo Benoit is an insured under the Policy as she's been named as an "Insured Driver" for which Donna Champaine had been paying a premium but according to Nationwide, the word "insured" has no forceful substance when coming to uninsured motorist coverage for Bobbie-Jo Benoit, despite the fact that she's named as an "Insured Driver" under Nationwide's policy.

Resp. to Def.'s Mot. to Dismiss, 5-6. In effect, she asks, "how is it that an "Insured Driver" cannot be an "insured?"

The answer to this question lies in reading the policy as a whole and construing its terms according to their plain, ordinary, and common meanings. At the outset, the policy makes clear that the term, "Insured Driver," has no talismanic significance; it appears only on the Declarations Page and nowhere else in the policy. Thus, the assertion that she is an insured by virtue of her listing as an "Insured Driver" finds no support in the plain language of the policy. Instead, the policy provides that an "insured" is a "person[] or organization[] specifically indicated as entitled to protection under the coverage being described." Turning then to the section under which Ms. Benoit seeks coverage, the

policy identifies three categories of insureds: "you or your legal representative," "relatives living in your household," and "anyone else . . . while occupying: 1. your auto; 2. a motor vehicle you do not own, while it substitutes temporarily for your auto . . . ; 3. a four-wheel motor vehicle newly acquired by you  . . . ; 4. any other motor vehicle while it is being operated by you or a relative living in your household." None of these categories remotely suggests that status as an "Insured Driver" creates coverage. Nor does the use of the term, "insured," in the "Coverage Exclusions" portion of this coverage create an ambiguity; instead, it merely refers the reader back to the definition of "insured," which again is entirely divorced from the term, "Insured Driver." Particularly where Ms. Benoit was not a driver at the time of the accident that underlies this case, her designation as an "Insured Driver" creates no tension with any of this language.

Read as a whole, the policy very clearly creates two categories of "insured" under the Uninsured Motorists coverage part: those who are insured because of their status, regardless of their location, and those insured because of their location, regardless of their status. In the former category "you"—the policyholder first named in the Declarations and that policyholder's resident spouse—and relatives living in "your" household are insured. In the latter category, anyone occupying specific vehicles is insured. Thus, a status insured—here, Ms. Champine or any relative living in her household—would be covered wherever that person happened to be when injured due to the operation of an uninsured motor vehicle. A location insured, however, would be covered only if occupying a specific vehicle. By no reading of the policy would anyone's designation as an "Insured Driver" bear on that person's inclusion in either of these categories.

Here, the plain language of the policy makes clear that Ms. Benoit is not a "status" insured; whether designated as an "Insured Driver" or not, she was neither the policyholder first named in the Declarations, that policyholder's resident spouse, nor a relative living in the policyholder's household. (Equally, of course, she was not a driver, rendering any possible applicability of "Insured Driver" status moot.) It is also clear that she is not a "location" insured; Mr. Ipock's car falls into none of the four listed categories. In short, she is unambiguously not entitled to coverage.

## ORDER

The court grants the motion. The clerk will enter judgment for Defendant on all claims.

Electronically signed pursuant to V.R.E.F. 9(d): 3/25/2024 11:35 AM

_____
Samuel Hoar, Jr.
Superior Court Judge